IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 26, 2008

## RAYMOND DAVID WRIGHT v. HOWARD CARLTON, Warden

**Direct Appeal from the Criminal Court for Johnson County**
**No. 5116     Robert E. Cupp, Judge**

_____

**No. E2007-02653-CCA-R3-HC - Filed April 28, 2008**

_____

The Petitioner, Raymond David Wright, pled guilty to second degree murder in 1993 in exchange for a fifty year sentence as a Range III offender. He filed a petition for habeas corpus relief claiming his sentence was illegal because, had he been tried and convicted, he would be considered only a Range I offender. Thus, he claims his fifty-year sentence is illegal. The Petitioner further asserts second degree murder is not a lesser included offense of first degree felony murder, and, therefore, the trial court had no jurisdiction to sentence him. The habeas court dismissed the petition without a hearing. After a thorough review of the record and applicable law, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and J.C. MCLIN, JJ., joined.

Raymond David Wright, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; David H. Findley, Assistant Attorney General; Anthony W. Clark, District Attorney General, for the Appellee, the State of Tennessee.

**OPINION**

**I. Facts**

According to the State's statement of evidence at the guilty plea hearing, the Petitioner entered a house, killed a woman, and stole a VCR and large radio. He was charged with first degree premeditated murder and first degree felony murder. He pled guilty to second degree murder on the charge of felony murder in exchange for the first degree premeditated murder charge being dropped.

As a part of the agreement, the Petitioner received a fifty-year sentence as a Range III offender. The trial court noted that, had the Petitioner gone to trial and been convicted of a crime, he would have been sentenced as a Range I offender. The Petitioner acknowledged this, but asserted his plea agreement was in his best interest because he could be sentenced to life in prison if the jury convicted him of first degree murder.

In 2007, the Petitioner filed a petition for habeas corpus relief asserting two claims: (1) that his fifty year sentence as a Range III offender is illegal; and (2) that he was convicted of a charge, second degree murder, of which no information or indictment was filed. The State filed a motion to dismiss the habeas corpus petition, which was granted without a hearing by the habeas court. In its order, the court found that the Petitioner's allegations, even if true, did not render his judgments illegal. It is from this judgment that the Petitioner now appeals.

## II. Analysis

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, — S.W.3d —, 2008 WL 160695, at *3 (Tenn. 2008) (citing *State v. Burkhard*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The Petitioner's first allegation, that he was sentenced illegally, is not supported by the law. The Defendant agreed to a fifty-year sentence as a Range III offender, and that sentence is within the acceptable bargaining range. Pursuant to *Hoover v. State*, "a plea-bargained sentence may legally exceed the maximum available in the offender range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." 215 S.W.3d 776, 780 (Tenn. 2007). The conviction, second degree murder, had a total range of fifteen to sixty years. *See* T.C.A. § 39-13-210 (c) (1990) (second degree murder is a Class A felony); T.C.A. § 40-35-101 (1990) (total range for a Class A felony is 13.5 to 60 years). Offender classification and sentence range are legitimate

bargaining tools. *See Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997). The Petitioner is not entitled to relief on this issue.

The Petitioner's second allegation, that he pled guilty to a charge on which he was not indicted because second degree murder is not a lesser included offense of first degree felony murder, is similarly not supported by the law. Pursuant to *State v. Ely*, second degree murder is a lesser included offense of felony murder. 48 S.W.3d 710, 721-22 (Tenn. 2001); *accord State v. Locke*, 90 S.W.3d 663, 669 (Tenn. 2002). The Petitioner has failed to prove the trial court was without jurisdiction to sentence him after a guilty plea to second degree murder. The Petitioner is not entitled to relief on this issue.

### III. Conclusion

After due consideration of the issues, we conclude that the trial court did not err in denying the Petitioner's petition for habeas corpus relief. As such, we affirm the judgment of the habeas court.

_____
ROBERT W. WEDEMEYER, JUDGE